IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-23-103-GF-BMM |
| Plaintiff, | |
| vs. | **ORDER** |
| WENDEN SEAN MARTELL, | |
| Defendant. | |

Defendant Wenden Sean Martell moves to dismiss the charges against him. (Doc. 36.) He argues that the United States violated Federal Rule of Criminal Procedure 5(a) by failing to "take the defendant without unnecessary delay before a magistrate judge." *Id* (quoting Fed. R. Crim. P. 5(a)(1)(A)).

The Court held a hearing on the motion on February 8, 2024. (Doc. 46.) The following facts reflect the testimony of Martell and the representations of counsel for Martell at the hearing: Martell turned himself in to the Natrona County Sheriff's Office in Wyoming on November 17, 2023. The Natrona County Sheriff's Office held Martell in custody on a Wyoming state misdemeanor charge for which Martell did not initially post bond. From late November 2023, until early February 2024, U.S. Marshals transported him to a number of detention facilities. On or about February 6, 2023, Martell posted bond for his Wyoming state charge

and entered United States custody. U.S. Marshals transported Martell to Great Falls, Montana, and a U.S. magistrate judge arraigned Martell in this matter on February 6, 2024. *See* (Doc. 43.) U.S. officers at no time interrogated Martell in relation to this matter before his arraignment.

"[D]ismissal could be a remedy for particularly egregious violations of Rule 5 where no other relief is available." *United States v. Dominguez-Caicedo*, 40 F.4th 938, 951 (9th Cir. 2022), *cert. denied sub nom. Chichande v. United States*, 143 S. Ct. 2615 (2023), and *cert. denied*, 143 S. Ct. 2615 (2023). Although not foreclosed by Ninth Circuit precedent, the remedy of dismissal remains, however, extremely rare and disfavored. *See id*; *see also United States v. Mejia*, 39 F. App'x 568, 569–70 (9th Cir. 2002) ("Even where a detention has violated Rule 5(a), however, we have declined to remedy the situation where no incriminating evidence was obtained during the delay"); *but see United States v. Osunde*, 638 F. Supp. 171 (N.D. Cal. 1986) (granting dismissal). In *Osunde*, the United States held the defendant for 106 days before being taken to a U.S. magistrate judge. 638 F. Supp. 171 at 176. The United States held Martell for a significantly shorter period before his arraignment; Martell spent a significant portion of his time in custody from November 17, 2023, for his Wyoming state charge. Accordingly, the Court denies Martell's motion to dismiss the charges against him. The Court does not make any determination in this Order as to the propriety of a different remedy

which may be available to Martell on a separate motion.

Nevertheless, in light of Martell's experience of an extended pre-arraignment custody, the Court urges the United States to strive for particular swiftness with regard to Martell's case going forward.

**IT IS HEREBY ORDERED** that

Defendant's Motion to Dismiss (Doc. 36) is **DENIED**.

DATED this 8th day of February, 2024.

_____
Brian Morris, Chief District Judge
United States District Court